NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-06-HRW

STEVE BOYD HAMRICK                                                          PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                                   RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Steve Boyd Hamrick, an individual presently confined in federal custody at the Federal Correctional Institution in Ashland, Kentucky, paid the district court filing fee and submitted the instant *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241, in the United States District Court for the District of South Carolina. At that time he was en route from another federal prison to his current location in Ashland. The case was subsequently ordered transferred to this Court upon his arrival in the Eastern District of Kentucky.

The matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). The petitioner has also submitted motions for this Court's consideration.

CLAIM

The Court construes the petitioner's claim to be that the Commonwealth of Kentucky has breached its plea agreement with him, with the result that he will remain incarcerated longer than ordered or intended, in violation of his due process rights.

ALLEGATIONS OF THE PETITION

The following is a summary or construction of the *pro se* petitioner's allegations, as contained in his initiating document, entitled "Motion for Correction of (State) Sentence for a Person in Federal Custody Under 28 SC §2241," and construed as a petition for writ of habeas corpus. Record No. 1.

The petitioner states that he made a plea agreement with the Commonwealth of Kentucky whereby, *inter alia*, his state sentence would be ordered to run concurrently with a federal sentence, and he attaches a copy of both criminal judgments. The first one chronologically is the federal judgment, handed down on February 27, 2003, in *United States v. Hamrick*, Case No. 02-CR-433-9. The petitioner entered a guilty plea to one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §846, and was sentenced to 48 months' imprisonment and 5 years of supervised release thereafter.

On March 20, 2003, pursuant to a separate plea agreement with the Commonwealth, Hamrick was sentenced in Pulaski Circuit Court, *Commonwealth of Kentucky v. Hamrick*, Case No. 02-CR-172-002, to a term of imprisonment of "four (4) year(s) for the offense of Possession of a Controlled Substance (Methamphetamine), First Degree, First Offense with this sentence to run concurrent to the defendant's federal sentence." The petitioner surrendered himself to the Bureau of Prisons ("BOP") at the time set by the Court to begin service of the sentence.

Since that time, Petitioner Hamrick has apparently shortened the length of time he must serve to satisfy his federal sentence by amassing "good time" and by completing a BOP intensive drug abuse program. However, the petitioner claims, the Commonwealth's Attorney has failed to honor the plea agreement and the concurrent nature of his state sentence by filing a detainer against him

on July 15, 2004. Pursuant to the detainer, on the day of his release from his federal sentence, Hamrick will continue to be held by the BOP and will then be turned over to state authorities to serve more time in order to satisfy the 4-year state-imposed prison term. He attaches BOP print-outs which show that his projected release date from his federal sentence is September 5, 2006.

At some point, the petitioner asked the BOP not to honor the Commonwealth's detainer. Hamrick provides a copy of the institutional response, wherein the warden explains that the BOP's policy is not to decide the validity of any detainer; rather it honors all detainers "unless and until the charges from the 'receiving state' are dismissed and/or the receiving state authorizes, in writing, the removal of the detainer." Record No. 4.

Petitioner Hamrick now asks this Court to issue an Order prohibiting the BOP from honoring the state detainer.

## DISCUSSION

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Nonetheless, the Court is not required to let every claim go forward on a petitioner's filing.

A federal court may grant a writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§2241(c)(3) and 2254(a). Because the instant petitioner is not in state custody, his filing under §2241 is appropriate. However, under either statute, the petitioner is required to exhaust his state court remedies. *See Urbina v. Thoms,* 270 F.3d 292, 295 n.1 (6th Cir.2001) (recognizing exhaustion requirement for

petitions filed under 28 U.S.C. §2241); 28 U.S.C. §2254(b)(1)(A).[1]

Summarizing the petitioner's claim to its basics, the Court construes that the instant petitioner seeks credit toward his state sentence for the credits he has obtained in federal custody, so as to have the state and federal sentences end at the same time, purportedly in conformity with the state court's desire that the two sentences be truly concurrent. Yet the petitioner has not demonstrated that he first asked the state to give him the credits or to enforce the plea agreement, as is required by statute and case law. *See Duckworth v. Serrano*, 454 U.S. 1 (1981); *O'Dea v. Clark*, 883 S.W.2d 888 (Ky. App. 1994).

In the instant petition, there is no reference to the petitioner's having earlier attempted any state proceeding, *e.g.*, a state habeas proceeding; or a motion to alter or amend the state judgment in the trial court, pursuant to Kentucky's RCr 11.42; or a request for a clarification under Kentucky's Civil Rule 60.02; or any statutory remedies. This is a state matter to date. The Supreme Court of the United States has addressed the constitutional issue of the need to remedy a prosecutor's breach of a plea agreement, but then left to the state court's discretion whether to remedy the breach by ordering specific performance of the agreement or allowing the defendant to rescind the guilty plea. *Santobello v. New York*, 404 U.S. 257, 262-63 (1971).

Moreover, the warden's use of the words "receiving state" suggests that the detainer is based on an untried indictment, not an almost-completed 2003 sentence. If so, then the petitioner's remedy

---

[1] In *Collins v. Million*, 121 Fed. Appx. 628 (6th Cir. 2005) (Not selected for publication in the Federal Reporter), a prisoner challenged the validity of a 15-year state sentence without specifying in his habeas petition the federal statute under which he sought relief. The Sixth Circuit construed his petition as one properly brought under 28 U.S.C. §2254. Collins argued that his challenge was to the execution of his sentence, and was therefore properly brought under 28 U.S.C. §2241. The Sixth Circuit declined to decide this question because it determined that under either of these statutes, Collins was first required to have exhausted his state court remedies. *Id* at 630.

is via the Interstate Agreement of Detainers (IAD)'s procedures, which it is the prisoner's duty to complete. To the extent the petitioner's claim falls under the IAD, he must follow the procedures set out therein. The Court of Appeals for the Sixth Circuit has written:

> The IAD is a simple procedure which permits the speedy disposition of any untried indictment and the dismissal of any untried charges . . . .
> . . . "W"e have concluded that it is in the interest of sound judicial administration, and consistent with established principles, to require that [Petitioner] and other prisoners challenging extradition actions pursue the remedies provided by the IAD before seeking habeas relief in federal court.
> . . . .
> After a detainer has been lodged against a prisoner, the warden is required, by Article III(c) of the IAD, to inform the prisoner of his right to request a final disposition of charges against him. The prisoner may use IAD Form 1 for this purpose. . . .

*Norton v. Parke*, 892 F.2d 476, 479-80 (6th Cir. 1989), *cert. denied* 494 U.S. 1060 (1990); *see also Ellis v. Commonwealth*, 828 S.W.2d 360, 361 (Ky. 1992) (citing *Rhodes v. Commonwealth*, Ky. App. 622 S.W.2d 677 (1981)); and *United States v. Moline*, 833 F.2d 190 (9th Cir. 1987), for the proposition that a plaintiff must give notice to the official having custody of him in order to invoke the administrative procedures of the IAD.

Therefore, under any construction of the petitioner's claims, his habeas filing herein is at best premature (under either 28 U.S.C. §2254 or §2241), and the Court will dismiss this cause of action, without prejudice to Hamrick's re-filing his habeas claim(s) after exhausting those claims in the state courts.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)   The petitioner's motion to expand the record [Record No. 4] is **GRANTED** and the Court has considered the contents thereof today.

(2) The petitioner's motion to substitute the Ashland warden as the true respondent [Record No. 3] is **DENIED** as moot.

(3) This action is **DISMISSED** without prejudice, *sua sponte*.

(4) Judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

March 2, 2006.

Signed By:
Henry R Wilhoit Jr.
United States District Judge